RECEIVED
NOV - 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 07-0777 |
| VERSUS | JUDGE DOHERTY |
| ALCATRINA JOSEPH WOODS<br>PHYLLIS PRUITT WOODS | MAGISTRATE JUDGE SHEMWELL |

## MEMORANDUM RULING AND ORDER

Pending before this Court is the Motion for Default Judgment [Doc. 7], filed by the United States of America. For the following reasons, the motion is DENIED.

On May 2, 2007, the government, on behalf of Farmers Home Administration ("FmHA"), now known as Farm Service Agency ("FSA") of the United States Department of Agriculture, filed a Complaint alleging that it is the holder in due course and owner of certain promissory notes made payable to the order of FSA by defendants Alcatrina Joseph Woods and Phyllis Pruitt Woods as follows:

| | DATE | FACE AMOUNT | INTEREST RATE |
|---|---|---|---|
| 1-A | 11-20-00 | $75,750.00 | 6.50% |
| 1-B | 08-22-03 | $60,510.57 | 2.75% |
| 1-C | 05-09-02 | $57,300.00 | 4.75% |
| 1-D | 08-22-03 | $60,767.44 | 2.75%[1] |

The government contends that, in order to secure their payment of the Notes, the defendants executed certain acts of mortgage ("Mortgages") covering the property more fully described therein and filed in the mortgage records of Jefferson Davis Parish, Louisiana, as follows:

---

[1] Doc. 1, Exhibits #1-A through #1-D.

|     | DATE     | REGISTRY NO.           |
| --- | -------- | ---------------------- |
| 2-A | 11-09-00 | 27-0001441             |
| 2-B | 11-03-05 | 27-0501149             |
| 2-C | 08-05-02 | 27-0200881[2]          |

The government further contends that the "[d]efendant(s) are in default on payment due under the Note(s), the entire balance is now due and payable as a result of acceleration of maturity of the unpaid principal and interest by Plaintiff or by virtue of the terms for payment of the Note(s), and all conditions precedent to the commencement of this action have been satisfied."

The record shows that the defendants were served with a copy of the complaint on August 1, 2007 [Docs. 3 & 4], and that an answer was therefore due on August 21, 2007. On August 22, 2007, the government moved for an entry of default from the Clerk of Court. [Doc. 5]. The Clerk of Court entered a preliminary default against the defendants on the same date. [Doc. 6]. The docket sheet shows that the Clerk's Entry of Default, mailed to the defendants at 1502 Martin Luther King Drive, Elton Louisiana 70532, was returned as "undeliverable," with a notation that there was "no mail receptacle."

On September 5, 2007, the government filed the instant motion for default judgment. The motion itself contains two paragraphs, and is set forth in its entirety hereinbelow:

> COMES NOW Plaintiff, the United States of America, through undersigned counsel, and informs this Honorable Court that default has been entered and that the amount sued for herein is true and correct as evidenced by the sworn Affidavit of the agency representative which is attached hereto.
>
> It is hereby requested that the Judgment of Default be entered herein in favor of Plaintiff, the United States of America, and against the defendants, Alcatrina

---

[2] Doc. 1, Exhibits #2-A through 2-C.

Joseph Woods and Phyllis Pruitt Woods, as prayed for in the Complaint.[3]

Notably, the motion sets forth neither a factual nor a legal basis for the requested relief. Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment, but no citation to this rule appears in the government's motion, nor does the motion contain a citation to any other legal authority supporting the government's claim for the requested relief.

Furthermore, although the *Complaint* alleges that the defendants have defaulted under four (4) promissory notes and that the maturity of the unpaid principle and interest in connection with each note is therefore accelerated, the amount sought in the *proposed Judgment* appears to include *only* amounts due under two of the promissory notes. No explanation is given for this fact. Nor does the government explain the notation "Resch" placed next to two of the four promissory notes in the Affidavit attached to the motion for default judgment. As the motion for default judgment does not set forth with particularity the promissory notes that remain at issue since the filing of the complaint, the amount of the judgment cannot be ascertained with precision.

The Fifth Circuit has recognized the seriousness of a default judgment. See, e.g., *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992) ("Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, 'even a slight abuse [of discretion] may justify reversal.'"), citing *Williams v. New Orleans Pub. Serv.*, 728 F.2d 730, 734 (5th Cir.1984), quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

Considering the foregoing, this Court concludes that the government has not carried its burden of showing that it is entitled to the requested relief. The motion for default judgment fails to clarify under which promissory notes the government is seeking to collect its judgment, and

---

[3] Doc. 7.

further fails to identify the legal authority that permits the government to obtain a judgment of default under the circumstances presented in the Complaint.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Motion for Default Judgement [Doc. 7] is DENIED without prejudice to the plaintiff's ability to reurge the issuance of a default judgment in a motion that more properly sets forth a factual and legal basis to support the request for relief.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 5 day of November, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE