UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 07-0777 |
| VS. | JUDGE DOHERTY |
| ALCATRINA JOSEPH WOODS<br>PHYLLIS PRUITT WOODS | MAGISTRATE JUDGE METHVIN |

*REPORT AND RECOMMENDATION*
*ON MOTION FOR JUDGMENT OF DEFAULT*
*(Rec. Doc. 10)*

Before the court is the United States of America's Motion for Judgment of Default Pursuant to Rule 55 requesting the relief prayed for in the Complaint, i.e., Judgment for the principal amount of $94,546.36 and the accrued interest of $2,962.88 and seizure and sale of mortgaged property. The motion is unopposed.

*Background*

The government is the holder two promissory notes executed by defendants Alcatrina Joseph Woods and Phyllis Pruitt Woods on August 22, 2003:

1) A note in the amount off $60,510.57 at the rate of 2.75% (Exhibit 1-B to Complaint);[1]

2) A note in the amount of $60,767.44 at the rate of 2.75% (Exhibit 1-D).[2]

On May 2, 2007, the government filed a Complaint, alleging that defendants are in default on the notes and that the government is entitled to judgment in its favor for the amounts due and owing. The government attached copies of the promissory notes and financing statements to the Complaint.

---

[1] This was rescheduling of a promissory note in the amount of $75,750.00 signed by defendants on November 20, 2000 (Exhibit 1-A).

[2] This was a rescheduling of a promissory note in the amount of $57,300.00 signed by defendants on May 9, 2002 (Exhibit 1-C)

2

Defendants were served with a copy of the Complaint on August 1, 2007.[3] Defendants did not answer the Complaint, and on August 22, 2007, the government moved for an entry of default from the Clerk of Court.[4] The Clerk of Court entered a preliminary default on August 22, 2007.[5] The Clerk's Entry of Default was mailed to defendants, however, it was returned as "undeliverable."

On September 5, 2007, the government filed a Motion for Default Judgment.[6] The motion was unopposed. On November 8, 2007, the district judge denied the motion because the government did not set forth a factual or legal basis for the requested relief.[7] Specifically, the district judge concluded that the government did not carry its burden because it did not reference Fed. R. Civ. Proc. Rule 55, which governs default judgments, nor did it state with specificity the promissory notes at issue.

On November 8, 2007, the government filed the instant Motion for Judgment of Default Pursuant to Rule 55 of the Federal Rules of Civil Procedure.[8] The motion was referred to the undersigned for a report and recommendation on April 3, 2008.

---

[3] Rec. Docs. 3 and 4.

[4] Rec. Doc. 5.

[5] Rec. Doc. 6.

[6] Rec. Doc. 7.

[7] Rec. Doc. 9.

[8] Rec. Doc. 10.

3

*Legal Analysis*

**Entry of default**

When a party fails to plead or otherwise respond to a Complaint within the required time period, a Rule 55 motion for entry of default may be filed. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir.1996). Upon motion showing that the party did not respond to the Complaint, the Clerk must enter the party's default. Fed.R.Civ.Proc. 55(a).

Here, despite being served, defendants did not answer or respond to the Complaint. Thus, the Clerk's entry of preliminary default on August 22, 2007 was proper.[9]

**Merits of request for default judgment**

Once a default is entered, the plaintiff must move for a judgment of default. "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations. As the District of Columbia Circuit has stated, they are "available only when the adversary process has been halted because of an essentially unresponsive party." Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir.1989) citing H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970).

"To recover on a promissory note, the Government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Lawrence, 276 F.3d 193 (5th Cir. 2001) citing FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir.1993). Moreover, by defaulting, defendants have admitted the well plead allegations of fact, except those relating to the amount of damages, contained in the Complaint.

---

[9] Rec. Doc. 6.

4

*See* Jackson v. FIE Corp., 302 F.3d 515, 525 n. 29 (5th Cir. 2002); Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975).

It is undisputed that defendants executed two promissory notes in favor of the government. Attached to the Complaint are copies of the promissory notes, which have defendants' signatures and show that the United States Department of Agriculture is the holder of the notes.[10]

Additionally, the government submitted the affidavit of Willie F. Cooper, the State Execute Director of the Farm Service Agency, United States Department of Agriculture.[11] Mr. Cooper attests that:

> Because the Defendants failed to pay the principal and interest when due, the Plaintiff accelerated maturity of all principal and interest owing under the above descried notes in accordance with the terms thereof on June 30, 2006, but Defendants have failed and refused to pay notwithstanding demand, thereby placing them in default of the above described notes and mortgages.[12]

The foregoing establishes that the government is entitled to recover on the two promissory notes at issue. Accordingly, default judgment in favor of the government is appropriate.

## Relief awarded in default judgment

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed.R.Civ.P. 54(c). Thus, the relief prayed for in a complaint defines the scope and amount of relief available in the default judgment.

---

[10] Exhibits 1-B and 1-D to the Complaint.

[11] Rec. Doc. 10-2.

[12] Rec. Doc. 10-2.

*Principal and Interest*

The Complaint states:

There is presently due and outstanding under the Notes unpaid principal and interest accrued to March 19, 2007, in the following amounts:

5.

| UNPAID PRINCIPAL | INTEREST |
|---|---|
| $94,546.36 | $2,962.88 |

WHEREFORE, PLAINTIFF PRAYS for judgment in its favor against Defendant(s), jointly, severally and in solido, for the amount(s) due and owing Plaintiff as set forth in Paragraph 5 above, plus additional interest to which Plaintiff may be entitled and all costs of this action;[13]

Further, the affidavit of Mr. Cooper establishes that the amount detailed in the Complaint is the amount owing on the notes.[14] Accordingly, the undersigned finds that the amount awarded in the default judgment should be $94,546.36 in unpaid principal and $2,962.88 in interest, plus additional interest accrued between March 19, 2007 and date of judgment, and judicial interest and costs. *See* 28 U.S.C. § 1961.

*Acts of Mortgage*

With regard to the acts of mortgages used to secure the notes, the Complaint states:

In order to secure their payment of the Notes, Defendant(s) executed in authentic form those acts of mortgage ("Mortgages") covering the property more fully described therein dated and filed for record in the mortgage records of Jefferson Davis Parish, Louisiana, as follows:

---

[13] Rec. Doc. 1.

[14] Although the proposed judgment submitted by the government states that the amount owed is "Subject to a credit of $8,676.89 received on August 16, 2007," said credit is not addressed in the Motion for Judgment of Default, nor is it explained, detailed, or otherwise addressed anywhere in the record. Accordingly, since the record is void of any information regarding a possible credit, the amounts detailed in the Complaint and Mr. Cooper's affidavit are the only amounts properly before the court.

6

|       | DATE     | REGISTRY NO. |
|-------|----------|--------------|
| 2-A   | 11-09-00 | 27-0001441   |
| 2-B   | 11-03-05 | 27-0501149   |
| 2-C   | 08-05-02 | 27-0200881   |

Copes of each Mortgage are attached as Exhibits #2-A through 2-C, respectively.

\*\*\*\*

PLAINTIFF FURTHER PRAYS that the Mortgage(s) be recognized and maintained upon the property subject to the Mortgages(s), and that said property be sold, <u>with appraisal</u> and according to law, at public auction to the highest bidder, and that out of the proceeds of said sale the Plaintiff be paid in preference and priority to all other persons whosoever the amount of its claim in accordance with the terms of the Mortgages(s), and that the amount realized from said sale be credited pro tanto upon the amount of the judgment herein;[15]

The remedy for seizure of property for the purpose of securing satisfaction of a judgment is determined by the law of the state in which the district court is held. Fed.R.Civ.P. 64. Here, in support of the request for seizure, the government submitted Exhibits 2-A through 2-C, which are not mortgages, but instead Uniform Commercial Code Financing Statements.[16]

---

[15] Rec. Doc. 1.

[16] The UCC financing statements list the following collateral:
Ex. 2-A Reg. No. 27-0001441: Cattle Parish/Produced Code 27 "all head"
   Cattle Parish/Produced Code 02 "all head"
Ex. 2-B Reg. No. 27-0501149: Blank
Ex. 2-C Reg. No. 27-0200881: Front End Loader, Bushhog, 7 cubic ft., 2002, S#3226QT
   Tractor, Ford, 3000, 1971, S#31013C
   Hay Rake, Vermeer, V-10, 2002, S#116141
   Bale Spear, Shopmade, 2002
   Cattle pen, Wilson, Portable WC14E8, 2002, S#2376.

Louisiana Revised Statute 10:9-502 provides that a financing statement does not have to include the signature of the debtor:
(a) Sufficiency of financing statement. Subject to subsection (b) [dealing with real property], a financing statement is sufficient only if it:
(1) provides the name of the debtor;
(2) provides the name of the secured party or a representative of the secured party; and
(3) indicates the collateral covered by the financing statement.

7

The financing statements, however, do not amount to "mortgages" nor do they otherwise comply with the requirements to show an enforceable security agreement in collateral. Contracts intended to create security interests, i.e., "an interest in personal property or fixtures created by contract which secures payment or performance of an obligation," have special requirements of form. La. R.S. 10:1-201(35). In order to be enforceable against the debtor, the security interest must comply with the form required under La. R.S.10:9-203, which provides:

> (a) Attachment. A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment.
>
> (b) Enforceability. Except as otherwise provided in subsections (c) through (i), a security interest is enforceable against the debtor and third parties with respect to the collateral only if:
>
> (1) value has been given;
>
> (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and
>
> (3) one of the following conditions is met:
>
> (A) the debtor has authenticated a security agreement that provides a description of the collateral....[17]

Once a security interest is attached and the requirements of La. R.S.10:9-203 are met, the secured party must file a financing statement in order to make the security interest effective as against third-parties. La.Rev.Stat. Ann. § 10:9-310. "The filing [of financing statements] merely serves as a warning to the public that a security interest may exist. The statement is required only to identify the debtor, a secured party, and the collateral that may be subject to its terms."

---

[17] "Authenticate" is defined under La. R.S. 10:9-102 as, "to sign" or "to execute or otherwise adopt a symbol, or encrypt or similarly process a record in whole or in part, with the present intent of the authenticating person to identify the person and adopt or accept a record."

8

Thomas A. Harrell, *A Guide to the Provisions of Chapter Nine of Louisiana's Commercial Code*, 50 La. L.Rev. 716, 738 (1990). The financing statements do not relate to the enforcement of the security interest against the debtor.

The only evidence submitted by the government are the financing statements. There is no evidence of the underlying security agreement that gave rise to the financing statements.

Although the financing statements describe collateral, the statements do not meet the requirements of La. R.S.10:9-203. There is no agreement, authenticated by defendants wherein collateral is pledged as security for the payment of the promissory notes. In fact, there is no way of telling whether the financing statements relate to the promissory notes at issue, because the statements contain no information concerning how the secured party gained an interest in the collateral described. The record simply does not contain evidence showing that the defendants secured the promissory notes with the property sought to be seized and sold.

Considering that the requirements for establishing an enforceable security interest has not been met, the undersigned concludes that the relief requested in the Complaint concerning the seizure and sale of defendants' property be DENIED.

### *Conclusion*

For the foregoing reasons, IT IS RECOMMENDED that the Motion for Judgment of Default filed by the United States of America be GRANTED and that Judgment be entered in favor of the United States of America against defendants Alcatrina Joseph Woods and Phyllis Pruitt Woods, jointly, severally, and in solido, for the principal amount of $94,546.36 and the accrued interest of $2,962.88, plus interest accrued between March 19, 2007 and date of judgment, and judicial interest and costs.

9

IT IS FURTHER RECOMMENDED that the request for seizure and sale or property be DENIED, without prejudice to the government to re-urge the request.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on May 30, 2008.

COPY SENT:
DATE: 5/30/08
BY: CW
TO: pwm

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155